## HENRY RED V. THE STATE.

No. 9516.    Delivered November 18, 1925.

**1.—Assault with Prohibited Weapon—Wife as Witness—Predicate for Impeachment—Improper.**

Where, on a trial for an assault with a prohibited weapon, the wife of appellant became a witness in his behalf, it was error to permit the State to ask her if her husband had not abused her and whipped her on former occasions, and upon her denial to introduce and prove by a witness that she had told witness several times that she was running away from home because her husband (appellant) had whipped her.

**2.—Same—Continued.**

In this state, the husband or wife cannot be a witness against the other, except in a criminal prosecution for an offense committed by one against the other. Vernon's Crim. Stats., Vol. 2, Art. 795. There was no contention that appellant was on trial for an offense committed against his wife. Not being available to the State as a witness to prove that her husband had on former occasions whipped her, such fact could not be established by laying a predicate, and proving it as impeaching testimony.

**3.—Same—Evidence—Hearsay—Inadmissible.**

Where a wife had given evidence for her husband on his trial, it was error to permit the State to prove by a witness, that appellant had had fights and fusses with his wife, according to statements made by his wife to said witness. Such testimony was purely hearsay, had no possible connection with nor materiality to the case on trial, and should not have been admitted.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for an assault with a prohibited weapon, penalty two years in the penitentiary.

The opinion states the case.

*Geo. W. Johnson,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is assault with a prohibited weapon; punishment fixed at confinement in the penitentiary for a period of two years.

Charley Scott, father-in-law of the appellant, was the subject of the alleged assault. It took place at the home of Scott in the presence of his wife and daughter, the latter being the wife of the appellant. According to the testimony, appellant's wife had gone to the home of her father at nighttime. He later went there and requested her to go home with him. Scott interfered, and harsh words were exchanged which were followed by the wounding of Scott by the discharge of a pistol by the appellant. At the time of the shooting, according to the State's theory, Scott was reaching for his shotgun, appellant having previously exhibited a pistol. According to the appellant's theory and testimony, the shot was fired while Scott had possession of his shotgun and had twice snapped it at the appellant. His theory is supported by his testimony and by that of his wife. She described the occurrence and said that after she and the appellant had been playing at home, she had gone to her father's house without notifying the appellant; that when he asked her to go home she demurred on account of her foot hurting her, and that it was during the discussion of the matter that Scott interposed. The State asked her questions endeavoring to elicit from her the admission that on former occasions the appellant had been abusive of her. This she denied.

From bill of exceptions No. 1, it appears that the State, over the objection of the appellant, elicited from a State's witness, the following testimony:

"She (defendant's wife) told me the reason she would leave him (defendant) he would whip her. I don't know how many times she told me that, she ran off two or three times and came by our house. She would just be sad, and I asked

her where she was going, and she would say, 'I am running off', and would tell me she was going because he ('defendant) whipped her."

In qualifying the bill the court said that this testimony was received after proper predicate had been laid to impeach her by proof of declarations of the witness; that the testimony was limited to impeachment purposes.

We fail to perceive any issue in the case upon which it would have been proper to impeach the appellant's wife by the statement quoted. This is true, conceding that the predicate was laid, for the reason that it would be an impeachment apparently upon an immaterial issue, and an irrelevant and prejudicial one in that it was evidence of a collateral offense. Moreover, the impeaching testimony was, under the facts as developed in the case, contrary to the Statute, because "the husband and wife may, in all criminal actions, be witnesses for each other; but they shall, in no case, testify against each other, except in a criminal prosecution for an offense committed by one against the other." See Vernon's Tex. Crim. Stat., Vol. 2, Art. 795. The prosecution in the present case was not for an offense committed against the wife but for an offense alleged to have been committed against her father. She was not available to the State to prove that on former occasions the appellant had whipped her.

Bill No. 2 complains of the fact that it was shown by the witness Martha Scott that she was asked if it was not a fact that the appellant had had fights and fusses with his wife and that she came there two or three times and asked her father to protect her. To this she replied: "Ida tried to run away three times." It is conceived that this bill reflects the introduction against the appellant of hearsay testimony which seems to have been within none of the exceptions to the rule excluding that character of evidence.

The complaint of the indictment, we think, is not tenable.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*